1
2
3
4

Elliott H. Stone, Esq. (SBN 264569)
Clay R. Wilkinson, Esq., (SBN 269080)
**STONE LLP**
20750 Ventura Boulevard - Suite 220
Woodland Hills California 91364
Telephone: (818) 854-3600
E-Mail: efile@stonellp.com

5

Attorneys for Defendants GRYPHON MOBILE
ELECTRONICS LLC and NELSON YEN

6

7

8

9

10

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

CATHAY BANK, a California baking
corporation,

                    Plaintiff,

        v.

GRYPHON MOBILE ELECTRONICS,
LLC, a California limited liability
company; NELSON YEN; and DOES to 1
to 75, inclusive,

                    Defendants.

Case No.: 2:21-cv-03909

**GRYPHON MOBILE ELECTRONICS
LLC'S REPLY IN SUPPORT OF
MOTION TO DISMISS**

Date:           July 9, 2021
Time:           8:30 a.m.
Courtroom:      6C

Complaint Filed: April 5, 2021
Removed:        May 7, 2021
Trial:          TBD

18

AND RELATED COUNTERCLAIM

19

20

        Defendant/Counterclaimant Gryphon Mobile Electronics LLC ("Defendant") hereby

21

submits the following Reply in Support of its Motion to Dismiss Plaintiff/Counter-Defendant

22

Cathay Bank's ("Plaintiff") Complaint.

23

**I.      INTRODUCTION**

24

        Among other things, Defendant's Motion is about the plausibility of Plaintiff having

25

separate Commercial Security Agreements ("CSAs") for all of its loans with Defendant, then

26

omitting to have one for the 2019 Loan.  The reason why Plaintiff does not have a 2019

27

CSA— and therefore cannot plead a valid security interest—is that the parties never intended

28

for the 2019 Loan to be secured.

-1-

1    As Defendant's Counterclaim alleges, Plaintiff pulled a bait and switch by: (1)

2  negotiating the 2019 Loan in Mandarin and representing that it would be unsecured; then (2)

3  attempting to insert a void security provision in the 2019 Note based on the expired 2018

4  CSA; all the time knowing that (3) the 2019 Loan documents were all in English and would

5  be signed by a person who was not fluent in English.

6    Plaintiff concedes it never asked Defendant to execute a CSA with the 2019 loan but

7  instead argues the 2019 Note makes reference to the 2018 CSA, apparently reviving the

8  CSA.  Plaintiff's argument is tortured and misguided, at best. By its own terms, the 2018

9  CSA is void.  Consistent with Defendant's own allegations, the most plausible explanation is

10  that Plaintiff was attempting to sneak in a security provision that was expressly negotiated

11  out of the 2019 Loan, or, counsel for the Bank is baking up loan terms its Bank client never

12  intended, negotiated or agreed to—either way, the claims of a CSA securing the 2019 Note

13  must fail.

14    In other words, it is not facially plausible that a large institutional lender such as

15  Plaintiff would omit a CSA from the 2019 loan unless: (1) there was no intention that the

16  2019 Loan was be secured; or (2) Plaintiff intended to conceal the security provision by

17  burying it in an English-language Note to be signed by a Mandarin speaking borrower.

18  Accordingly, the Court should dismiss all of Plaintiff's security-related claims.

19  **II.    PRÉCIS OF ARGUMENT IN MOVING PAPERS**

20    Defendant makes three central arguments: (1) the Security Agreement contradicts the

21  allegations of the Complaint; (2) conversion does not lie for unspecified sums of money; and

22  (3) Plaintiff cannot show the possibility of a plausible amendment.

23  **III.    ARGUMENT IN REPLY TO OPPOSITION**

24    **A.    The Court Should Strike Pages 2 Through 8 Of Plaintiff's Opposition As**

25        **Redundant, Immaterial, And/Or Impertinent**

26    Federal Rule of Civil Procedure 12(f) permits courts to "strike from a pleading . . .

27  any "redundant, immaterial, impertinent, or scandalous matter."

28    Plaintiff's Opposition from Page 2 through Page 9, Line 5 is nothing more than a

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  screed punctuated by Plaintiff's spin on the merits of Plaintiff's case.  Plaintiff spends over

2  four pages on an improper and overly verbose summary of its own Complaint which is

3  already before the Court.  Because the substance of Plaintiff's opposition does not even start

4  until Page 9, Line 6, the Court should strike Page 2 through Page 9, Line 5 as redundant,

5  immaterial, and/or impertinent to the issues before the Court on Defendant's Motion.

6        **B.      The Opposition Concedes The 2019 Loan Is Unsecured On Its Face**

7        Plaintiff's arguments are two-fold.  First, Plaintiff argues that the express terms of the

8  2018 CSA govern.  *See* Opp., 10:15-18.  Second, Plaintiff argues that the purported Note

9  supporting the 2019 Loan incorporates the 2018 CSA.  *See id.*, 10:18-22.  Plaintiff is wrong

10  on both counts.

11        First, on its face the 2018 CSA expired on May 31, 2019.  Plaintiff tries to wish this

12  fact away by arguing the maturity date was "for bank use only."  The reasonable inference to

13  be drawn from "for bank use only" is to trigger a new CSA for any subsequent loan.

14  Plaintiff does not have a 2019 CSA or it would have alleged that it did in its Complaint—

15  thereby conceding the 2019 Loan is unsecured. The actual terms of the 2018 CSA are

16  inconsequential because the 2018 CSA expired based on the four-corners of the document.

17        Second, using the plain and ordinary meaning of "mature," a debt is "mature" when it

18  is due for payment.[1]  Plaintiff does not allege that Defendant failed to pay the 2018 Loan or

19  that the 2019 Loan was a re-finance of the 2018 Loan.  Based on Plaintiff's allegations, the

20  only reasonable inference to be drawn is that the 2018 Loan obligation extinguished on

21  maturity. The fact the Bank's documents appear to lack an *incorporation by reference* clause

22  only underscores such an inference.

23        Because the 2018 CSA expired, any reference in the purported 2019 Note would only

24  operate to advert to a void, expired instrument and not to revive it.  If Plaintiff intended for

25  the 2019 Loan to be secured, it would have proposed a 2019 CSA.  *See* Cal. Civ. Code §

26  1653 ("Words in a contract which are wholly inconsistent with its nature, or with the main

27

28  [1] https://www.merriam-webster.com/dictionary/mature

-3-

1    intention of the parties, are to be rejected").

2         Plaintiff makes a curious argument in a footnote that Defendant's attack is not the

3    sufficiency of the allegations in the Complaint but rather the presence of an affirmative

4    defense.  *See* Opp., 11:16-17 n.4.  Plaintiff's argument does not hold water.

5         "An affirmative defense is an allegation of new matter in the answer that is not

6    responsive to an essential allegation in the complaint.  In other words, an affirmative defense

7    is an allegation relied on by the defendant that is not put in issue by the plaintiff's

8    complaint."  *The Bank of N.Y. Mellon v. Preciado*, 224 Cal. App. 4th Supp. 1, 8 (2013).

9         Here, Defendant is strictly arguing matters put in issue by Plaintiff's Complaint,

10   namely that the 2018 CSA is expired by its own terms and therefore the 2019 Loan is

11   unsecured.

12        **C.    Conversion Does Not Lie For Unspecified Sums; Plaintiff Alleges**

13             **Conversion Of Unspecified Sums**

14        The expired and legally null 2018 CSA contains a long list of items in which Plaintiff

15   allegedly claims a security interest.  *See* Opp., 12:13-19.  The list expressly contains

16   "money" and "other rights to payment and performance."  It also contains "all proceeds and

17   products" flowing from the entire list of items.  Contrary to Plaintiff's argument, the

18   Complaint is largely alleging conversion of unspecified sums of money.

19        Money cannot be the subject of a cause of action for conversion unless there is a

20   specific, identifiable sum involved. *See Sanowicz v. Bacal*, 234 Cal. App. 4th 1027, 1042

21   (2015).  A "generalized claim for money [is] not actionable as conversion." *Vu v. Cal.*

22   *Commerce Club, Inc.*, 58 Cal. App. 4th 229, 235 (1997).  The rule is strictly applied where a

23   bare creditor-debtor relationship [such as the case here] is involved. *See* 14A Cal. Jur. 3d

24   Conversion § 14 (citing *Metropolitan Life Ins. Co. v. S.F. Bank*, 58 Cal. App. 2d 528

25   (1943)).  As such, the Conversion claims must fail.

26        **D.    Specific Performance Is A Remedy And Not A Cause Of Action**

27        Specific performance is a remedy and not a cause of action.  *See Golden West*

28   *Baseball Co. v. City of Anaheim*, 25 Cal. App. 4th 11, 49.  On this basis alone, the Specific

-4-

1    Performance claim must fail.

2        Moreover, in this instance, specific performance of the 2019 Loan would require

3    Plaintiff to first have a valid security interest, which it does not.  Because the security interest

4    fails, so too does the specific performance remedy.  *See Smyth v. Berman*, 31 Cal. App. 5th

5    183, 191 (specific performance requires proof of the elements of a breach of contract; a

6    breach of contract claim requires a valid contract).

7        **E.    The Court Should Deny Leave To Amend Because Plaintiff Cannot Plead**

8             **Around The Void Security Interest**

9        Dismissal with prejudice is proper when a plaintiff "can prove no set of facts in

10   support of [its] claim that would entitle [it] to relief."  *Johnson v. Knowles*, 113 F.3d 1114,

11   1117 (9th Cir. 1997).

12       Here, if the Court accepts the argument that the 2018 CSA is void on its face, the

13   Court must dismiss the security-related claims with prejudice because there is no other valid

14   security instrument—if there was, Plaintiff would have plead it.

15       Furthermore, Plaintiff is now judicially estopped from arguing that *a different* security

16   instrument governs the 2019 loan because it has already taken the position that the purported

17   2018 CSA governs.

18       The Ninth Circuit has its own three-element test for judicial estoppel.  First, courts

19   determine whether "a party's later position [is] 'clearly inconsistent' with its earlier

20   position."  *United Steel Workers of Am. v. Retirement Income Plan for Hourly-Rated*

21   *Employees of ASARCO, Inc.*, 512 F.3d 555, 563 (9th Cir. 2008) (citation omitted).  Second,

22   courts "inquire whether the party achieved success in the prior proceeding, since judicial

23   acceptance of an inconsistent position in a later proceeding would create 'the perception that

24   either the first or the second court was misled.'"  *Id.*  Third, courts consider whether "the

25   party asserting an inconsistent position would achieve an unfair advantage if not estopped."

26   *Id.*

27       Pleading a new security instrument that is not the 2018 CSA would be clearly

28   inconsistent.  Granting Plaintiff leave to amend would constitute success for Plaintiff

-5-

1  because Plaintiff would have leave to withdraw the void 2018 CSA and substitute in a

2  different one.  Asserting inconsistent security instruments would be unfair to Defendant and

3  should not be countenanced. On this basis too, the motion must be granted.

4  **IV.     CONCLUSION**

5        Based on the foregoing reasons, and for the reasons stated in Defendant's moving

6  papers, Defendant respectfully requests that the Court grant its motion without leave to

7  amaned.

8

9   Dated: June 25, 2021                                Respectfully submitted,

10                                                       STONE LLP

11                                                       By:   /s/ Elliott H. Stone
                                                               Elliott H. Stone, Esq.
12                                                             Clay R. Wikinson, Esq.
                                                               Attorneys for Defendants GRYPHON
13                                                             MOBILE ELECTRONICS LLC and
                                                               NELSON YEN
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1

## **CERTIFICATE OF SERVICE**

2    I certify that on June 25, 2021, I electronically filed the foregoing with the Clerk of

3 the Court using the EM/ECF system, which then sends a notification to all participants.

4

5                                               */s/ Elliott H. Stone*

6    _____
    Elliott H. Stone, Esq.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28