Elliott H. Stone, Esq. (SBN 264569)
Clay R. Wilkinson, Esq. (SBN 269080)
**STONE LLP**
20750 Ventura Boulevard - Suite 220
Woodland Hills California 91364
Telephone: (818) 854-3600
E-Mail: efile@stonellp.com

Attorneys for Defendants GRYPHON MOBILE
ELECTRONICS LLC and NELSON YEN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHAY BANK, a California baking corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>GRYPHON MOBILE ELECTRONICS, LLC, a California limited liability company; NELSON YEN; and DOES to 1 to 75, inclusive,<br><br>                    Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.: 2:21-cv-03909<br><br>**DEFENDANT AND COUNTERCLAIMANT GRYPHON MOBILE ELECTRONICS' RESPONSE TO ORDER TO SHOW CAUSE RE: REMAND**<br><br>Hearing:<br>Date:         July 30, 2021<br>Time:         8:30 a.m.<br>Courtroom: 6C |

  Defendant and Counterclaimant Gryphon Mobile Electronics, LLC (hereinafter "Gryphon") responds to the Court's Order to Show Cause Re: Remand [Doc. 46] (hereinafter the "OSC"), as follows:

  The gravamen of Gryphon's Counterclaim is the propriety of Cathay Bank's act of recording the Patent Assignment on March 3, 2021 with the United State Patent Office (hereinafter "PTO") Recording Office (See Ex. D to Counterclaim) [Doc. 6-4], and whether doing so was an act of unfair competition (hereinafter "Cathay Bank's Recording").

  If the Court finds Cathay Bank's Recording to be improper and/or doing so was a form of unfair competition, the prayer of the Counterclaim asks this Court to issue an order

-1-

1  directing the PTO Recording Office to strike the improper recording from its records. As the
2  right to record, the prerequisites to record, and the authority to direct the PTO to remove
3  and/or cancel the Cathay Bank Recording arise under Federal law, this Court has subject
4  matter jurisdiction over these particular patent-related claims under 28 USC § 1338(a) as a
5  claim "arising under" the Patent Act, Title 35 of the United States Code.

6  Moreover, Gryphon's Third Claim for Relief for unfair competition (when joined with
7  the patent-related claim discussed above) confers Federal subject matter jurisdiction on this
8  Court pursuant to 28 USC §1338(b), which states:

> The district courts **shall** have **original jurisdiction** of any civil action asserting a claim of **unfair competition when joined** with a substantial and related **claim under** the copyright, **patent**, plant variety protection or trademark laws.
>
> 28 USC §1338(b)
> [Emphasis Added]

Once the above claims over Cathay's *acts* are adjudicated, the remainder of Gryphon's Counterclaims regarding the legal effect of the four-corners of the purported commercial security agreement, and whether it can be canceled due to fraud under California law, may be adjudicated under the Court's supplemental jurisdiction pursuant to 28 USC §1367.

As such, under the doctrine of *judicial parsimony*, the OSC's questions regarding: ownership in the Gryphon patents (i.e. *Int'l Nutrition*)[1]; disputes as to the terms and priority of the purported security interest (i.e. *Shuffle Master*)[2]; perfection of the purported security interest (i.e. *In re Pasteurized Eggs*)[3]; rights of lien creditors (i.e. *In re Cybernetic*)[4], and whether or not these particular issues trigger Federal subject matter jurisdiction need not be reached. Moreover, the cases cited in the OSC are not applicable to the facts of this case, as

---

[1] Patent ownership is not at issue in this case like it was in *Int'l Nutrition*.
[2] Lien priority of Cathay Bank's purported security interest is not at issue in this case like it was in *Shuffle Master*.
[3] Perfection is not an issue in this case like it was in *Pasteurized Eggs*.
[4] Gryphon is not asserting claims as a lien-creditor as was the case in *Cybermatic*.

-2-

explained above.

## I. The Counterclaim's Allegations Of Cathay Bank's Improper "Act" In Recording The Patent Assignment On March 3, 2021 Triggers Federal Subject Matter Jurisdiction

The test for Federal patent jurisdiction parallels that of the general federal-jurisdiction statute, 28 U.S.C. § 1331. *Gunn v. Minton* 133 S. Ct. 1059, 1064–65 (2013). Here, Cathay Bank's *act* of recording a document with the PTO Recording Office on March 3, 2021 is the triggering event from which this Court's Federal subject matter jurisdiction flows since the right to record any document with the PTO is a creature of statute—specifically 35 USC § 261, and is further regulated by 37 CFR § 3.11. Specifically, 37 CFR § 3.11 states in pertinent part:

> (a) **Assignments** of applications, **patents**, and registrations, **and other documents relating to interests in patent applications and patents**, accompanied by completed cover sheets as specified in § 3.28 and § 3.31, will be recorded in the Office. Other documents, accompanied by completed cover sheets as specified in § 3.28 and § 3.31, affecting title to applications, patents, or registrations, will be recorded as provided in this part or at the discretion of the Director.
>
> 37 CFR § 3.11
> [Emphasis Added]

Once Cathay Bank recorded a document (it could have been any document) its conduct in doing so became subject to review by the this Court in light of the foregoing. Moreover, since the recording of assignments (the title of the document recorded was "assignment") and other documents relating to interests in patents with the PTO Recording office is covered by both a Federal statute and a Code of Federal Regulation section, this Court can reasonably conclude *PTO recording* is an area of important Federal policy. Indeed, the OSC states on Page two, "the amended counterclaim implicates the patent rights of the parties."

On this basis, this Court has Federal subject matter jurisdiction.

## II. This Court Also Has Jurisdiction Under the Grable Test

Notwithstanding the foregoing, as an additional, and standalone basis for Federal

-3-

subject matter jurisdiction, this Court has jurisdiction under the Grable Test.

The Grable Test states that while Federal question jurisdiction is usually invoked by a party pleading a cause of action created by federal law, the United States Supreme Court has long recognized that Federal subject matter jurisdiction may also be invoked over some state-law claims that implicate significant federal policy, *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.* (2005) 545 U.S. 308, 308, quoting *Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577.

Here, the Federal policy in regulating what gets recorded at the PTO Recording Office is arguably a significant one considering there is a statute, a CFR and Patent Office procedure manual on point. *See Manual of Patent Examining Procedure (June 2020) R-10.2019.* And, as such, a State court could not adjudicate these important Federal statutes and related policies. Therefore, this Court has Federal subject matter jurisdiction under the Grable Test, which it has in addition to the bases discussed above because Congress eliminated the ability of a State court to hear these particular claims. *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013).

### III. A Counterclaim Triggering Jurisdiction Will Support Removal For Jurisdiction Of Related State Claims

While not raised in the Court's OSC, the issue of remand based on a Counterclaim which raises Federal jurisdiction is addressed here out of an abundance of caution.

Supplemental jurisdiction in federal question cases extends to claims by *any* party that are sufficiently related to the federal claim to be part of the same case or controversy 28 USC § 1367(a). *Danner v. Himmelfarb* (9th Cir. 1988) 858 F2d 515, 522. As such, so long as a relationship exists between the federal question and the state law claims, the district court may adjudicate state law claims asserted by plaintiff or by defendant (by counterclaim, crossclaim or impleader) or by any properly joined third party, without <u>any other</u> basis for federal jurisdiction. *Id.*

Since the parties here do not dispute that the claims asserted in Gryphon's Counterclaim, as discussed herein, arise out of the same and/or related transactions, or series of transactions,

raised in the Complaint, Gryphon has satisfied the requirements of 28 USC 1367(a) as to all State claims raised by both Cathay Bank or Gryphon.

Moreover, in 2011 Congress enacted 28 USC § 1454,[5] which provides, "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents… may be removed to the district court of the United States for the district and division embracing the place where the action is pending." The enactment of §1454 further underscores Congress's desire and intent to keep patent-related matters in the Federal court and out of State court.

### Conclusion

Based on the foregoing, Gryphon respectfully asks this Court to discharge the OSC against remand and in favor of finding subject matter jurisdiction so as to permit this Court to hear the merits of this case.

Dated: July 9, 2021

Respectfully submitted,

STONE LLP

By: /s/ Elliott H. Stone
Elliott H. Stone, Esq.
Clay R. Wikinson, Esq.
Attorneys for Defendants GRYPHON MOBILE ELECTRONICS LLC and NELSON YEN

---

[5] This amendment is known and the "Holmes Group fix" because the amendment addresses issues raised by the Supreme Court's decision in *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002).

**CERTIFICATE OF SERVICE**

I certify that on July 9 2021, I electronically filed the foregoing with the Clerk of the Court using the EM/ECF system, which then sends a notification to all participants.

*/s/ Elliott H. Stone*

Elliott H. Stone, Esq.