JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-03909-SB-JEM | Date: | 7/27/2021 |
|---|---|---|---|

| Title: | *Cathay Bank v. Gryphon Mobile Electronics, LLC et al* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

Before the Court are the parties' responses to an order to show cause re: remand. Dkt. Nos. 49 (Def. Response), 50 (Pltf. Response); *see* Dkt. No. 46 (OSC). This case was removed on the purported basis of federal question jurisdiction, with the notice of removal indicating that the Court "has original jurisdiction over the patent claims" in Defendant Gryphon Mobile Electronics, LLC's counterclaim and supplemental jurisdiction over the remaining claims. Dkt. No. 1. With its OSC, the Court stated:

> Though the amended counterclaim implicates the patent rights of the parties, it is unclear that federal patent law creates the causes of action at issue or that the Defendant's right to relief necessarily depends on resolution of a substantial question of federal patent law. Indeed, Defendant's claim for cancellation of the security interest at issue is based on California statutory law and cites only California authority in support.

OSC 1-2.  Given the apparent absence of subject matter jurisdiction, Defendant was ordered to show cause why this matter should not be remanded to state court.  *Id.* at 2.

According to Defendant, there is federal question jurisdiction because its counterclaim contains allegations that Plaintiff Cathay Bank's "act" of recording a patent interest with the U.S. Patent and Trademark Office constituted "unfair competition."  Def. Response 1.  Defendant also notes that its counterclaim requests, as a remedy, that the PTO be directed to remove or cancel that recording from its records.  *Id.* at 1-2.  Finally, Defendant contends that, at the very least, the Court should retain jurisdiction because "the Federal policy in regulating what gets recorded at the PTO Recording Office" is significant.  *Id.* at 4.  In response, Plaintiff states that "none of the claims alleged in the [counterclaim] appear to be created by federal patent law" and that Defendant "does not identify any substantial question of federal patent law upon which its supposed right to relief depends."  Pltf. Response 3.

The Court is not persuaded that there is subject matter jurisdiction.  In the patent-law context, the Court's jurisdiction extends "only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims."  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988).  Here, all the so-called patent claims purportedly giving rise to jurisdiction are state-law claims appearing to implicate questions arising under state law exclusively.  Dkt. No. 20 (First Amended Counterclaim) ¶¶ 23-46.  Though the counterclaim alleges that Plaintiff acted improperly by "fil[ing] with the USPTO, an expired, null, void and/or fraudulent security interest," *id.* ¶ 13, the purported wrongfulness of that action turns on whether the interest was expired, null, void, or fraudulent by operation of state law.  Defendant attempts to identify various federal-law issues—*e.g.*, "the prerequisites to record" at the PTO—but there is no indication that these questions are "actually disputed and substantial" within this case (or even necessary to the case's resolution) sufficient to warrant this Court's exercise jurisdiction over otherwise purely state-law claims.  *Cummings v. Cenergy Int'l Servs., LLC*, 258 F. Supp. 3d 1097, 1106 (E.D. Cal. 2017) (quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

      To be sure, interests in patents are often recorded with the PTO, and the resolution of this case could result in the PTO's records changing to reflect who possesses interests in the relevant patents.  But that alone cannot transform every dispute over those interests into a federal case.  If that were true, it would eliminate the general rule that "the question of who owns patent rights, and on what terms, typically is a question exclusively for state courts and not one arising under United States patent laws." *Int'l Nutrition Co. v. Horphag Rsch. Ltd.*, 257 F.3d 1324, 1329 (Fed. Cir. 2001). At bottom, Defendant has offered no persuasive authority or explanation showing that this case implicates the Court's jurisdiction over patent cases. Rather, the claims that served as the bases for removal arise under state statutes and turn solely on questions of state law.

      For these reasons, the Court appears to lack subject matter jurisdiction and so the case is **REMANDED**.